UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHRIS T. LYMBEROPOULOUS | ) | |
| A/K/A CHRISTOS T. LYMBEROPOULOS | ) | |
| | ) | |
| Debtor, | ) | Case No. 10-26209 |
| | ) | |
| JAN S. WEINSTEIN & ASSOCIATES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 10-02055 |
| | ) | |
| CHRIS T. LYMBEROPOULOS, | ) | |
| | ) | |
| Debtor-Defendant. | ) | Honorable Jacqueline P. Cox |
| | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the complaint of Jan S. Weinstein & Associates, Ltd. ("Plaintiff") pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a debt owed to her by the debtor/defendant Chris T. Lymberopoulos ("Debtor"). For the reasons that follow, the Court rules in favor of the Plaintiff and finds the $26,231.81 debt, plus interest accruing since August 19, 2008 at 9% per year, is nondischargeable.

### I. JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II. FACTS AND BACKGROUND

Plaintiff represented Sandy Jacob ("Ms. Jacob") in an Order of Protection case against the Debtor in the Circuit Court of Cook County. *See* Adversary Complaint, Case No. 10-02055, Dkt. No. 1, ¶ 8.

On February 29, 2008, Judge R. Morgan Hamilton entered an Order on Petition for Order

of Protection ("Order") against the Debtor naming Ms. Jacob and her two minor children as protected parties. *Id.* at ¶ 13. In the Order, the court found the Debtor had physically abused, harassed, and interfered with the liberty of Ms. Jacob. *Id.* at Exhibit A, pp. 15, 17, 20. In addition, the Debtor was ordered to reimburse Ms. Jacob for damage he allegedly caused to her car. Adversary Complaint at ¶ 20.

On August 19, 2008, Judge Hamilton ordered Debtor to pay the reasonable attorney's fees and costs in bringing the Petition for Order of Protection. *Id.* at ¶ 23. Accordingly, an order was entered for Debtor to pay $26,231,81 to Ms. Jacob. *Id.* at ¶ 24.

On June 10, 2010 Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. *See* Case No. 10-26209.

On October 18, 2010 Plaintiff filed a complaint to determine dischargeability of a certain debt pursuant to 11 U.S.C. § 523(a)(6), seeking a ruling that the attorney's fee award is not dischargeable.

Trial commenced on June 28, 2011.

Plaintiff argued that there is no factual dispute regarding the underlying Order. In that Order, there were specific findings of fact that the Debtor physically abused Ms. Jacob, interfered with her physical liberty, and damaged her car. Plaintiff asserted that these findings satisfy the criteria for willful and malicious injury, and therefore, all ancillary debts arising from those injuries should be deemed nondischargeable under 11 U.S.C. § 523(a)(6). Plaintiff further argued that the Order cannot be collaterally attacked in this adversary proceeding.

Debtor/Defendant countered that the Plaintiff had failed to meet its burden of proof; that the Plaintiff is not the one who was injured by Debtor's conduct; that there was no primary debt to which the attorney's fee could attach; that a determination of dischargeability would constitute a double recovery to the Plaintiff; and that the fees and costs requested were unreasonable.

The Court reserved ruling and this matter was taken under advisement.

### III. APPLICABLE STANDARDS

The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Martin*, 698 F.2d 883, 887 (7th Cir. 1983). The burden of proof required for establishing an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). Nevertheless, exceptions to discharge are construed liberally in favor of the debtor to further the policy of providing the debtor a fresh start. *Meyer v. Rigdon*, 36 F.3d 1375, 1385 (7th Cir. 1994).

2

## IV. DISCUSSION

Section 523(a)(6) of the Bankruptcy Code provides that a general discharge of debts in bankruptcy does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity. 11 U.S.C. § 523(a)(6). In order to establish that a debt is nondischargeable under section 523(a)(6), a creditor must prove that the act giving rise to the debt was both willful and malicious.

### A. Willful and Malicious Injury

"Malicious" in section 523(a)(6) means in conscious disregard of one's duties or without just cause or excuse. *In re Larsen*, 442 B.R. 905, 914 (E.D. Wisc. 2010) (quoting *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994)). An injury is the "violation of another's legal right, for which the law provides a remedy; a wrong or injustice." *Black's Law Dictionary* (9th ed. 2009).

"Willful" means deliberate or intentional. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). In *Geiger*, the Supreme Court held that the section 523(a)(6) exception "takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* Thus, the exception is targeted toward "intentional torts" and not mere negligent acts.

Here, the parties do not dispute that the Debtor's actions constitute willful and malicious injury against Ms. Jacob. Judge Hamilton's Order was based on findings of abuse, harassment, and property damage, such that the need for a Plenary Order of Protection was entered against the Debtor for the period of one year. Moreover, this Court "may make the determination based on the findings from the earlier proceeding." *In re Disney*, 1993 WL 542593, 9 (Bankr. N.D. Ill. 1993) (quoting *Williams v. Colonial Discount Co.*, 207 F.Supp. 362 (N.D. Ga. 1962)). Therefore, based on the findings in the Order and the evidence presented at Trial, this Court can reasonably infer that Debtor knew his conduct would injure Ms. Jacob and, as such, was both willful and malicious. *Id.* at 10.

Rather than challenge whether the injury was willful and malicious, the Debtor asserts that the Plaintiff was not injured; it was Ms. Jacob who suffered injuries and not the Plaintiff, her law firm. Additionally, Debtor argues that there is no primary debt to which the attorney's fees could attach because the $200 worth of damage to the car has since been repaid. Both of these arguments are off the mark. First, "nothing in section 523(a) requir[es] that the injured individual be the person whose debt is excepted from discharge under § 523(a)(6)." *In re Larsen*, 442 B.R. at 917. By its plain language, it only requires the debt be "for willful and malicious injury by the debtor to another entity." *Id.* Accordingly, it suffices for Plaintiff Jan S. Weinstein & Associates, Ltd. that the debt arises from the willful and malicious injury by the Debtor to Ms. Jacob.

Second, the Debtor cites no support for the proposition that there must be a primary debt

3

for the attorney's fees to attach. Under Illinois law, in order for protection cases the petitioner may receive recovery for losses suffered, including reasonable attorney's fees and costs. *See* 750 ILCS 60/214(b)(13) (2011). This is the statutory basis for Judge Hamilton's fee award. The Seventh Circuit has held that court-awarded attorneys' fees are nondischargeable under section 523(a)(4) of the Bankruptcy Code if the judgment to which the fee award attached was found to be nondischargeable under that section. *Klingman v. Levinson*, 831 F.2d 1292, 1296-97 (7th Cir. 1987). Although *Klingman* was brought under section 523(a)(4), nothing in the opinion suggests the holding is restricted to that section. *In re McGuffey*, 145 B.R. 582, 597 (Bankr. N.D. Ill. 1992). Thus, in the Seventh Circuit, where attorneys' fees are awarded in connection with a judgment debt found to be nondischargeable under section 523(a), those attorneys' fees are likewise nondischargeable.

Similarly, in divorce cases, bankruptcy does not allow for a discharge of attorney's fees related to domestic support obligations under section 523(a)(5). *See In re Long*, 39 B.R. 535 (Bankr. E.D. Ark. 1984).

The debt in issue herein arises out of the underlying conduct of the Debtor which caused a willful and malicious injury. Because the judgment is nondischargeable under section 523(a)(6) for willful and malicious injury, the attorney's fee award is also nondischargeable.

## B. Double Recovery

Debtor further argues that a determination of nondischargeability would result in a double recovery to the Plaintiff law firm since it has already received payment in the amount of $18,100 from Ms. Jacob. A double recovery is either "[a] judgment that erroneously awards damages twice for the same loss, based on two different theories of recovery" or "[r]ecovery by a party of more than the maximum recoverable loss that the party has sustained." *Black's Law Dictionary* 1302 (9th ed. 2009).

The first definition is inapposite here, because the judgment awarding attorney's fees is not based on two different theories of recovery. In addition, Ms. Weinstein testified that any amount her firm receives from the Debtor will be refunded to Ms. Jacob so that she would be made whole. (Trial Tr. 48-9, June 28, 2011)[1] Debtor appears to suggest that because Plaintiff has already been paid by Ms. Jacob for legal fees arising out of the Order for Protection, any payment from the Debtor constitutes a "double recovery" or "windfall." However, "payments that the law requires an opposing party or that party's lawyer to pay as attorney-fee awards or sanctions are credited to the client, not the client's lawyer, absent a contrary statute or court order . . ." Restatement of the Law Governing Lawyers § 38 (2000).

---

[1] Throughout the testimony at trial, parties referenced the amount to date paid by Ms. Jacob to Plaintiff Jan Weinstein & Associates, Ltd. as either $18,000 or $18,100. (*See* Trial Tr. 6, 10, 17, 23, 24, 44, 47, June 28, 2011) However, the correct amount appears to be $18,100. (Trial Tr. 6, 23, June 28, 2011)

4

The Debtor's argument that the recovery constitutes "more than the maximum recoverable loss that the party has sustained," is addressed in the following section regarding the reasonableness of the fees and costs award.

### C. Reasonableness of Fees and Costs Award

Debtor argued at Trial that the attorney's fees were unreasonable and that some costs, such as court reporter fees, should not have been awarded by the state court. The Debtor suggested that this Court has the opportunity to determine dischargeability so as to "indirectly remedy some errors that might have been made in the past, but not directly." (Trial Tr. 68, June 28, 2011). The Court declines this invitation to revisit the Order of the state court.

Similarly, in *In re Smith*, the debtors requested that even if the bankruptcy court ruled that attorney fees were nondischargeable under section 523(a)(6), it should nevertheless determine the fees to be unreasonable. *In re Smith*, 321 B.R. 542, 550 (D. Colo. 2005). Due to the *Rooker - Feldman* doctrine, however, the bankruptcy court will not "act as an appellate court to the state court or otherwise collaterally attack the state court judgment." *Id.* The debtors could have petitioned the state court to reconsider its judgment or appealed the final determination, but neglected to do so. *Id.*

Here, like the debtor's attempt in *Smith*, the Debtor is seeking to alter a judgment in an improper forum. The Debtor himself testified that no motion contesting the attorney's fees was filed, nor an appeal pursued concerning the state court order.[2] (Trial Tr. 13-4, June 28, 2011). Accordingly, this Court declines to determine the reasonableness of the fees and costs awarded by Judge R. Morgan Hamilton.

### V. CONCLUSION

For the foregoing reasons, pursuant to section 523(a)(6) of the Bankruptcy Code, the Court concludes the debt due to the Plaintiff Jan S. Weinstein & Associates, Ltd. in the amount of $26,231.81 plus 9% interest accruing as of August 19, 2008, is nondischargeable.

**Dated: July 13, 2011**                                **ENTERED:**

                                                        *Jacqueline P. Cox*
                                                        _____
                                                        **Jacqueline P. Cox**
                                                        **United States Bankruptcy Judge**

---

[2] Debtor also testified that he sought to have a court reporter because he "wanted it all recorded." (Trial Tr., 57, June 28, 2011)